UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHRI DAYAVANT, LLC,

                Plaintiff,

            -v-                                24-CV-02405 (JAV)

MT HAWLEY INSURANCE CO.,              ORDER

                Defendant.

---

JEANNETTE A. VARGAS, United States District Judge:

      Currently before the Court is Defendant's Motion to Extend the Deadline to Amend Pleadings. Defendant seeks leave to amend its answer to add an additional affirmative defense that the governing insurance policy precludes coverage for loss contributed to by preexisting damage. ECF No. 47. Plaintiff opposes the motion on the ground that the information regarding the preexisting damage to the damaged roof was known to Defendant long before the deadline to amend expired. ECF No. 50. The Motion to extend the deadline to amend is **GRANTED.**

      A Case Management Plan was entered in this case by Judge John P. Cronan on May 20, 2024. ECF No. 25. Pursuant to the Case Management Plan, the deadline for the amendment of pleadings was June 12, 2024. *Id*. The Court entered a Revised Case Management Plan on August 19, 2024, which extended that deadline to August 29, 2024. ECF No. 35. Although the Court granted the parties' request to enter a Second Revised Case Management Plan on December 5, 2024, the deadline for the amendment of pleadings remained August 29. ECF No. 37. Discovery in this case closed on May 22, 2025, and the Court has set a schedule for summary judgment briefing. ECF No. 46.

"Rule 16(b)'s "good cause" standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "A district court has broad discretion in deciding whether good cause exists to amend the scheduling order." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *4 (S.D.N.Y. Jan. 27, 2021). A finding of "good cause" depends on the diligence of the moving party. *Parker*, 204 F.3d at 340.

The Court finds that Defendant acted diligently in filing the instant motion soon after Plaintiff's expert testified at deposition that preexisting damage to the roof and windows made them more susceptible to the damage caused by high winds during Hurricane Ian. ECF No. 47. Although Plaintiff argues that Defendant was aware of the existence of the preexisting damage prior to that deposition, there is no evidence that Defendant was on notice that this preexisting damage was a contributing factor to the damage resulting from the hurricane. To the contrary, Defendant avers that its own expert had not identified such preexisting damage as a contributing factor. Additionally, Plaintiff does not argue that this amendment would be futile, nor does Plaintiff identify any prejudice that would result from allowing the amendment. Defendant is not seeking to reopen discovery, or to otherwise delay the course of this litigation.

Accordingly, the Court GRANTS the motion to adjust the deadline in the Second Revised Case Management Plan for the amendment of pleadings. Defendant shall have until June 9, 2025, to file its Amended Answer. The Clerk of Court is directed to terminate ECF No. 47.

SO ORDERED.

Dated: June 2, 2025  
      New York, New York                           _____  
                                              JEANNETTE A. VARGAS  
                                              United States District Judge